UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

SUNDEL QUILES, VICTORIA J. MARTIN,       :       Docket No: _____
JAMES M. SHEA, ANGELA COX, and           :
GEORGE J. BRAY JR. individually and on   :
Behalf of All Other Persons Similarly    :
Situated,                                :       **CLASS ACTION**
                                         :       **COMPLAINT AND**
                 Plaintiffs,             :       **JURY DEMAND**
                                         :
     -against-                           :
                                         :
WAL-MART STORES, INC. d/b/a              :
WALMART,                                 :
                                         :
                 Defendant.              :
-----------------------------------------------------------------X

## INTRODUCTION

        Plaintiffs Sundel Quiles, Victoria Martin, James M. Shea, Angela Cox, and

George J. Bray Jr., individually and on behalf of all others similarly situated ("Plaintiffs"), file

this Class Action Complaint (the "Complaint") against Defendant Wal-Mart Stores, Inc. d/b/a

Walmart ("Walmart" or "Defendant"), seeking all available relief under the New Jersey State

Wage and Hour Law, N.J.S.A. §§34:11-56(a), *et seq.* ("NJWHL") and the New York Labor Law,

N.Y. Lab. Law §§ 195, 650 and 661, and/or all other supporting regulations (the "New York

Labor Law"). The following allegations are based on personal knowledge as to Plaintiffs'

conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

        1.      Plaintiffs Sundel Quiles, Victoria Martin and James Shea bring this Class Action

on behalf of themselves and all similarly situated current and former ASMs of Walmart, who

worked in the State of New Jersey ("New Jersey"), pursuant to Federal Rule of Civil Procedure

23, to remedy violations of the New Jersey State Wage and Hour Law, N.J.S.A. §§ 34:11-4.6, 34:11-56a, 34:11-56a4, and 34:11-56a20, and/or all other supporting regulations (the "New Jersey State Wage and Hour Law").

    2.    Plaintiffs Angela Cox and George J. Bray Jr. bring this Class Action on behalf of themselves and all similarly situated current and former Assistant Store Managers ("ASMs") of Walmart, who worked in the State of New York ("New York), pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law, N.Y. Lab. Law §§ 195, 650 and 661, and/or all other supporting regulations (the "New York Labor Law").

## JURISDICTION AND VENUE

    3.    This Court has jurisdiction over Plaintiffs Sundel Quiles, Victoria Martin, James Shea, and the New Jersey Class Members' claims under the New Jersey State Wage and Hour Law pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005 ("CAFA").

    4.    This Court has jurisdiction over Plaintiffs Angela Cox and George J. Bray Jr., and the New York Class Members' claims under the New York Labor Law pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005 ("CAFA").

    5.    The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

    6.    Upon information and belief, at least one member of the Class is a citizen of a state different from that of Defendant.

    7.    The Class claims involve matters of national or interstate interest.

    8.    Defendant is subject to personal jurisdiction in the State of New Jersey.

9. Venue is proper pursuant to 28 U.S.C. 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and because Plaintiffs, Sundel Quiles and Victoria Martin, reside in this district.

10. The Court is empowered to issue a declaratory judgement pursuant to 28 U.S.C. §§ 2201 and 22012.

## THE PARTIES

11. Plaintiff Sundel Quiles ("Quiles") is an adult individual, residing in South River, New Jersey.

12. Plaintiff Quiles has worked for Defendant as an ASM in Walmart stores in Fishkill, New York, Newburgh, New York, and North Bergen, New Jersey from in or about 2013 to the present.

13. Plaintiff Quiles is currently employed with Walmart at the North Bergen, New Jersey store as an ASM.

14. Plaintiff Victoria J. Martin ("Martin") is an adult individual, residing in West Milford, New Jersey.

15. Plaintiff Martin has worked for Defendant as an ASM in Walmart stores in Newton, New Jersey, Newburgh, New York, and Teterboro, New Jersey from in or about 2010 to the present.

16. Plaintiff Martin is currently employed with Walmart at the Teterboro, New Jersey store as an ASM.

17. Plaintiff James M. Shea ("Shea") is an adult individual, residing in Effort, Pennsylvania.

18.    Plaintiff Shea has worked for Defendant as an ASM in Walmart stores in Newton, New Jersey, and North Bergen, New Jersey from in or about March 2012 to the present.

19.    Plaintiff Shea is currently employed with Walmart at the North Bergen, New Jersey store as an ASM.

20.    Plaintiff Angela Cox ("Cox") is an adult individual, residing in Niagara Falls, New York.

21.    Plaintiff Cox worked for Defendant as an ASM in Walmart stores in Lockport, New York, Amherst, New York, and Lancaster, New York from in or about 2004 through 2014.

22.    Plaintiff George J. Bray Jr. ("Bray") is an adult individual, residing in Coeymans, New York.

23.    Plaintiff Bray worked for Defendant as an ASM in Walmart stores in Hudson New York, and Latham, New York from in or about 2012 through May 2016.

24.    Attached hereto as Exhibit "A" are Plaintiffs' Consents to Become Party Plaintiffs in the action.

## DEFENDANT

25.    Upon information and belief, Defendant Walmart is a Delaware Corporation with its principal place of business located at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

26.    Defendant does business under the name Walmart and operates over 150 retail locations in New Jersey and New York.

27.    Defendant Walmart was and still is doing business at its retail locations in New Jersey and New York.

28.    Defendant employs/employed Plaintiffs and other similarly situated current and former ASMs at its Walmart locations in New York and New Jersey.

29.     At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

30.     At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

31.     At all times relevant, Defendant was/is a enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because each Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

32.     Defendant has a gross volume of sales made or business done of not less than $500,000.00.

33.     At all times relevant, Plaintiffs and all similarly situated ASMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

34.     Defendant issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

35.     The Plaintiffs were paid on a salary basis and not paid overtime by the Defendants.

36.     Defendant directed the work of Plaintiffs and similarly situated employees, and directly benefited, from the work they performed.

37.     Defendant directed the work of Plaintiffs and similarly situated employees, and directly benefited, suffered or permitted the work they performed.

38.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek.

39.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation.

40.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the NJWHL.

41.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by New York Labor Law.

42.     Defendant did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked in excess of forty (40) hours in a workweek.

43.     Defendant did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

44.     Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

45.     Pursuant to Defendant's policy and pattern or practice, Defendant did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

46.     Pursuant to Defendant's policy, pattern and/or practice, Defendant did not pay Plaintiffs and the Class Members, proper overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

47.     According to its most recent 10K SEC filing, the Defendant Walmart operates a U.S. business segment across 50 states, and operates retail stores and is a mass merchandiser of consumer products.  Walmart operated approximately 100 retail stores in New York and 61 retail stores in New Jersey.  Defendant Walmart has net sales of $288 billion for the fiscal year 2015.

48.     Defendant Walmart issued paychecks to Plaintiffs, and all similarly situated current and former ASMs, and/or employees holding comparable positions but different titles in Walmart stores in New York and New Jersey (the "Class Members").

49.     Defendant Walmart directed the work of Plaintiffs and the Class Members.

50.     Defendant Walmart directed the work of Plaintiffs, and all similarly situated current and former ASMs, and/or employees holding comparable positions but different titles in Walmart stores in New York and New Jersey.

51.     Defendant Walmart directed the work of Plaintiffs and the Class Members, and benefited from the work they performed.

## COMMON FACTUAL ALLEGATIONS

52.     Defendant employed Plaintiffs and the members of the State Classes as ASMs.

53.     Defendant maintains control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiffs and members of the State Classes.

54.     Plaintiffs and the Class Members work as ASMs was integral to and performed during the normal course of Defendant's business.

55.     Plaintiffs and the Class Members regularly worked in excess of forty (40) hours per workweek without being paid overtime wages, in violation of the New Jersey State Wage and Hour Law, New York Labor Law, and/or all supporting regulations.

56.     Consistent with Defendant's policy, pattern and/or practice, Plaintiffs and the Class Members regularly worked in excess of forty (40) hours per workweek without being paid overtime wages, in violation of the New Jersey State Wage and Hour Law, New York Labor Law, and/or all supporting regulations.

57.    Plaintiff Quiles worked approximately 65 hours per week during each week in which he worked 5 or more shifts, and was not paid overtime compensation for the hours he worked in excess of 40.  For example, during the week of November 5, 2016 through November 11, 2016, Quiles worked approximately 65 hours.

58.    Plaintiff Shea worked an approximately 65 hours per week during each week in which he worked four or more shifts, and was not paid overtime compensation for the hours he worked in excess of 40.  For example, during the week of September 5, 2016 through September 8, 2016, Shea worked approximately 66 hours.

59.    Plaintiff Martin worked approximately 60 hours per week during each week in which she worked five or more shifts, and was not paid overtime compensation for the hours she worked in excess of 40.  For example, during the week of August 13, 2016 through August 19, 2016, Martin worked approximately 60 hours.

60.    Plaintiff Cox worked approximately 60 hours per week during each week in which she worked 5 or more shifts, and was not paid overtime compensation for the hours she worked in excess of 40.  For example, during the week of March 9, 2014 through March 15, 2014, Cox worked approximately 60 hours.

61.    Plaintiff Bray actually worked an approximately 60 hours per week during each week in which he worked 5 or more shifts, and was not paid overtime compensation for the hours he worked in excess of 40.  For example, during the week of April 5, 201 through April 9, 2016, Bray worked approximately 60 hours.

62.    The number of shifts Plaintiffs and the Class Members were scheduled to work per week can be ascertained from Defendant's records.

63.    Walmart assigned all the work that Plaintiffs and the Class Members performed, and Walmart is aware of all the work that they have performed.

64.    This work of the Plaintiffs and the Class Members required little skill and no capital investment.

65.    This work required of the Plaintiffs and the Class Members did not include managerial responsibilities.

66.    This work required of the Plaintiffs and the Class Members did not include the exercise of meaningful independent judgment and discretion concerning matters of significance.

67.    Throughout the class action period, defined herein:

    a.  New Jersey class: Current and former employees of Defendant who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter, that have been employed by Defendant in the position of Assistant Store Manager and/or employees holding comparable positions but different titles in a Walmart store located in the State of New Jersey, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages (New Jersey Class Action period" jointly the "Class Action Periods").

    b.  New York class: Current and former employees of Defendant who, at any time within the six (6) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendant in the position of Assistant Store Manager and/or employees holding comparable positions but different titles in a Walmart store located in the State of New York, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages, and were not properly issued accurate wage statements each pay period ("New York Class Action period").

68.    Plaintiffs and the Class Members performed the same primary job duties: working the cash registers, stocking shelves, cleaning and straightening the store, assisting customers, organizing the store according to detailed corporate directives called planograms, unpacking merchandise, and unloading trucks.

69.    Throughout the Class Periods, the primary job duties of Plaintiffs and the Class Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

70.    The primary job duties of Plaintiffs and the Class Members did not materially differ from the duties of non-exempt hourly paid employees.

71.    The primary duties of Plaintiffs and the Class Members were manual in nature.

72.    The Plaintiffs and the Class Members performance of manual labor and non-exempt duties occupied the majority of Plaintiffs and the Class Members' working hours.

73.    Walmart classified all ASMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the New Jersey State Wage and Hour Law.

74.    Walmart classified all ASMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the New York Labor Law.

75.    Pursuant to a centralized, company-wide policy, pattern and/or practice, Walmart classified all ASMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the New Jersey State Wage and Hour Law.

76.    Pursuant to a centralized, company-wide policy, pattern and/or practice, Walmart classified all ASMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the New York Labor Law.

77.    Walmart did not perform a person-by-person analysis of the job duties of ASMs employed in New Jersey when making the decision to classify all of them uniformly as exempt.

78.    Walmart did not perform a person-by-person analysis of the job duties of ASMs employed in New York when making the decision to classify all of them uniformly as exempt.

79.    Defendant established labor budgets to cover labor costs for the stores in which Plaintiffs and the Class Members worked.

80.    Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all the non-exempt tasks in each store.

81.    Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and other similarly situated ASMs (who were not paid overtime) to work more than forty (40) hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

82.    Defendant acted willfully and knew, by virtue of the fact that its Store Managers and District Managers (as its authorized agents) in New Jersey actually saw Plaintiffs and the Class Members perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

83.    Defendant acted willfully and knew, by virtue of the fact that its Store Managers and District Managers (as its authorized agents) in New York actually saw Plaintiffs and the Class Members perform primarily manual labor and non-exempt duties, that a result of the

underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work.

84.    As an experienced and practical retailer operating over 11,500 stores under 63 banners in 28 countries and e-commerce websites in 11 countries, Defendant was aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs and other similarly situated ASMs were primarily performing non-exempt duties.

85.    As an experienced and practical retailer operating over 11,500 stores under 63 banners in 28 countries and e-commerce websites in 11 countries, Defendant was aware or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiffs and other similarly situated ASMs were not performing activities that would suffice to make their actual job duties comply with any overtime exemption.

86.    As Defendant is a substantial corporate entity aware of its obligations under the New Jersey State Wage and Hour Law, the New York Labor Law, and/or all supporting regulations, it, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated ASMs as non-exempt employees.

87.    Defendant knew or should have known that Plaintiffs and other similarly situated ASMs were not performing activities that complied with any overtime exemption since it has previously been sued for such wage and hour overtime violations on behalf of ASMs.

88.    Defendant was, or should have been, aware that state laws required them to pay employees performing primarily non-exempt duties an overtime premium for hours worked in excess of forty (40) per week.

89.    Defendant's unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized,

companywide policy, pattern, and/or practice of attempting to minimize labor costs by violating the New Jersey State Wage and Hour Law, the New York Labor Law, and/or all supporting regulations.

90.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the New Jersey State Wage and Hour Law, the New York Labor Law, and/or all supporting regulations, with respect to Plaintiffs and the Class Members. This policy, pattern, and practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiffs and the Class Members were and have been performing; thus, Defendant has been:

    a.  willfully misclassifying Plaintiffs and the Class Members as exempt from the overtime requirements of the New York Labor Law, the New Jersey State Wage and Hour Law, and/or all supporting regulations, and/or all supporting regulations;

    b.  willfully failing to pay Plaintiffs and the Class Members overtime wages for hours they worked in excess of (40) forty hours per week; and

    c.  willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt ASMs to perform such non-exempt tasks.

91.     Defendant's willful violations of the New Jersey State Wage and Hour Law, the New York Labor Law, the and/or all supporting regulations are further demonstrated by the fact that, during the Class Action Periods and continuing, Defendant failed to maintain accurate and sufficient time records for Plaintiffs and the Class Members.

92.     Defendant acted recklessly or in willful disregard of the New Jersey State Wage and Hour Law, the New York Labor Law, and/or all supporting regulations by instituting a policy and practice that did not allow Plaintiffs and the Class Members to record all hours worked.

93.     Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiffs and the Class Members in excess of (40) forty hours per workweek was willful and has been widespread, repeated and consistent.

## RULE 23 CLASS ALLEGATIONS

94.     Plaintiffs sue on their own behalf and on behalf of classes of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

95.     Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;
   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
   c. Claims or defenses of the representative are typical of the class;
   d. The representative will fairly and adequately protect the class; and,
   e. A class action is superior to other methods of adjudication.

96.     The Rule 23 Class that Plaintiffs Quiles, Martin and Shea seek to identify includes:

>       Current and former employees of Defendant who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendant in the position of Assistant Store Manager and/or employees holding comparable positions but different titles in a Walmart store located in the State of New Jersey, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages (the "New Jersey Class Members" or, together with all Rule 23 Plaintiffs, the "Class Members").

97.     The Rule 23 Class that Plaintiffs Cox and Bray seek to identify includes:

>       Current and former employees of Defendant who, at any time within the six (6) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendant in the position of Assistant Store Manager and/or employees holding comparable positions but different titles in a Walmart store located in the State of New York, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages, and were not properly issued accurate wage statements each pay

period (the "New York Class Members" or, together with all Rule 23 Plaintiffs, the "Class Members").

### Numerosity

98.     The persons identified as Class Members above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number can be made are presently within the sole control of Defendant, upon information and belief, there are at least 100 Class Members during the Class Periods.

### Common Questions of Law and/or Fact

99.     There are common questions of law and fact that govern the claims that are available to each Class Member, including, but not limited to the following: There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

  a.  whether Defendant has a policy of misclassifying ASMs as "exempt" employees and denied them overtime compensation;

  b.  whether Defendant has failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

  c.  what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

  d.  whether Defendant has failed and/or refused to pay Plaintiff and the Class Members overtime pay for hours worked in excess of (40) forty hours per work week within the meaning the New Jersey State Wage and Hour Law, the New York Labor law, and all supporting regulations;

  e.  the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

  f.  whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive and statutory damages, interest, attorneys' fees, costs and disbursements; and

g. whether Defendant has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all the Class Members.

## Typicality of Claims and/or Defenses

100. The claims of Plaintiffs are typical of the claims of the Class Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

## Adequacy

101. Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

102. Plaintiffs have the same interests in this matter as all other Class Members, and Plaintiffs' claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

## Superiority

103. Plaintiffs' claims are typical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially-similarly, to the Class Members.

104. Any lawsuit brought by a salaried ASM of Defendant's would be identical to a suit brought by any salaried ASM for the same violations. Thus, separate litigation would risk inconsistent results.

105.    Accordingly, this means of protecting the Class Members' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

106.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT
### NEW JERSEY STATE WAGE AND HOUR LAW: UNPAID OVERTIME WAGES

107.    Plaintiffs and the New Jersey Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

108.    The overtime wage provisions of Chapter 11, Article 2 of the New Jersey State Wage and Hour Law apply to Defendant and protect Plaintiffs and the New Jersey Class Members.

109.    Defendant has failed to pay Plaintiffs and the New Jersey Class Members the overtime wages to which they are entitled under the New Jersey State Wage and Hour Law, and the supporting New Jersey Administrative Code.

110.    Through its knowing and intentional failure to pay Plaintiffs and New Jersey Class Members overtime wages for hours worked in excess of forty (40) hours per week, Defendant has willfully violated N.J.S.A. § 34:11-56a4, and the supporting New Jersey Administrative Code.

111.    As a result of Defendant's violations of the New Jersey Wage and Hour Law, Plaintiffs and the New Jersey Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
## NEW YORK LABOR LAW: UNPAID OVERTIME WAGES

112.    Plaintiffs and New York Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

113.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant and protect Plaintiffs and the New York Class Members.

114.    Defendant has failed to pay Plaintiffs and New York Class Members the overtime wages to which they are entitled under the New York Labor Law and supporting New York State Department of Labor Regulations.

115.    Through their knowing or intentional failure to pay Plaintiffs and the New York Class Members overtime wages for hours worked in excess of forty (40) hours per week, Defendant has willfully violated the N.Y. Lab. Law §§ 650 and 661, *et seq.*, and the supporting New York State Department of Labor Regulations.

116.    As a result of Defendant's violations of the New York Labor Law, Plaintiffs and New York Class Members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION AGAINST DEFENDANT
## NEW YORK LABOR LAW: NOTICE AND RECORD KEEPING REQUIREMENTS

117.    Plaintiffs and New York Class Members re-allege and incorporate by reference all allegations in all preceding paragraphs.

118.    N.Y. Lab. Law § 195(4) requires, among other things, that Defendant establish and maintain, for at least six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee.

119.    N.Y. Lab. Law § 661 requires Defendant to maintain, *inter alia,* true and accurate payroll records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

120.    12 N.Y.C.R.R. § 142-2.6 requires Defendant to establish, maintain and preserve, for at least six years, weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

121.    N.Y. Lab. Law § 195(3) requires Defendant to furnish each of its employees with a statement with every payment of wages, listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

122.    12 N.Y.C.R.R. § 142-2.7 requires Defendant to furnish to each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

123.    Defendants did not provide Plaintiffs and New York Class Members with the requisite notices and statements described above in paragraph 75.

124.    As a result of Defendant's failure to comply with the notice and record keeping requirements of N.Y. Lab. Law §§ 195 and/or all supporting regulations, Plaintiffs and the New York Class Members are entitled to recover penalties from Defendant, as provided by N.Y. Lab. Law § 198(1)(b) and 198(1)(d) and judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class Members are entitled to and pray for the following relief:

A.  Designation of Plaintiffs as Class Representatives;

B. An award of unpaid wages for all hours worked in excess of forty (40) in a workweek at a rate of one and one-half times the regular rate of pay under the within cited statutes, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

C. An award of Unpaid wages and liquidated damages in the maximum amount allowed by N.J.S.A. §34: 11-66 and the supporting New Jersey Administrative Code, N.Y. Lab. Law §§ 650 *et seq.*, the supporting New York State Department of Labor Regulations, as well as the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

D. Penalties under N.Y. Lab. Law § 198(1)(b) and 198(1)(d), for the Defendant's failure to comply with the notice and record keeping requirements of N.Y. Lab. Law §195(1) and 195(3);

E. An award of prejudgment and post-judgment interest;

F. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to Plaintiffs; and

G. Such other and further relief as this Court deems just and proper

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs and the Class Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: December 21, 2016

By: _____
Joseph D. Monaco, III
The Law Offices of Joseph Monaco, P.C.

New Jersey Office:
1317 Morris Avenue
Union, New Jersey 07083
Phone: (212) 486-4244
Fax: (646) 807-4749

Charles Gershbaum, Esq.*
Marc S. Hepworth, Esq.
David A. Roth, Esq.*
Rebecca S. Predovan, Esq.*
**HEPWORTH, GERSHBAUM & ROTH, PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Tel: (212) 545-1199
Fax: (212) 532-3801
mhepworth@hgrlawyers.com
cgershbaum@hgrlawyers.com
droth@hgrlawyers.com

*Attorneys for Plaintiffs*

*To be admitted Pro Hac Vice